RAMON VELEZ et al., Appellants, v. CITY OF NEW YORK, Respondent. — In an action to recover damages for personal injuries and wrongful death, plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered June 11, 1968, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiffs' case, upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. When considered most favorably to plaintiffs, their evidence establishes that the injured plaintiffs and the decedents were the victims of a dangerous condition created by defendant and lying beneath the waters of the Summerville Basin in the Borough of Queens while they were bathing therein. The trial court, in dismissing the complaint, held that, whether the injured plaintiffs and the decedents were trespassers or licensees upon the city-owned property, defendant's duty to them was the same and was defined in *Ryan* v. *State of New York* (13 Misc 2d 282, affd. 19 A D 2d 696). In *Ryan*, the Court of Claims dismissed a case which was factually analogous to that at bar, holding that, since the plaintiff and his decedent were either trespassers or licensees, the only duty owed them by the State was to abstain from affirmative acts of negligence and from injuring them intentionally (*id.*, p. 286). We think this rule is incorrect and is not that which is followed in this State. The duty owed to a licensee is greater than that owed to a trespasser. It includes, in addition to abstention from intentional harmful acts, the duty to warn of known dangerous defects which the defendant should know or suspect that the licensee will not discover himself after a reasonable inspection of the premises (*Sideman* v. *Guttman*, 38 A D 2d 420, 421; *De Milio* v. *De Milio*, 24 A D 2d 447; *Schlaks* v. *Schlaks*, 17 A D 2d 153, 155-157). We think that sufficient evidence was adduced to permit a finding by the jury that the injured plaintiffs and the decedents were licensees upon defendant's property, that defendant knew, or should have known, of the existing dangerous condition, as well as of the continued presence of members of the public on its property, that it failed to warn the injured plaintiffs and the decedents of that condition, and that the dangerous condition was such as could not have been reasonably discovered by the injured plaintiffs and the decedents without falling prey to the dangers inherent in its existence. We think, in addition, that it was error for the trial court to exclude from plaintiffs' evidence the statement of Rosa Martinez taken by defendant pursuant to section 50-h of the General Municipal Law, as subdivision 4 thereof specifically authorizes use of such statements by either party as evidence in litigation which arises out of claims for which such statements are taken. Hopkins, Acting P. J., Cohalan, Brennan and Munder, JJ., concur; Martuscello, J., dissents and votes to affirm.